UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD W. BEECHAM,

                Plaintiff,

v.                                     **DECISION AND ORDER**
                                              07-CV-682S

STATE FARM FIRE & CASUALTY CO.,

                Defendant.

## I. INTRODUCTION

Plaintiff Richard W. Beecham and former Plaintiff Darlene Williams commenced this action in New York State Supreme Court, County of Erie, on or about September 20, 2007. Defendant State Farm Fire & Casualty Co. removed the case to this Court and filed an Answer on October 15, 2007.

Presently before this Court is Defendant's Motion to Dismiss for Lack of Prosecution pursuant to Rule 41.2 of the Local Rules of Civil Procedure for the Western District of New York, to which Plaintiff has failed to respond.[1] For the reasons stated below, Defendant's motion will be granted and this case will be dismissed for failure to prosecute.

## II. BACKGROUND

This case involves Plaintiff's claim under his homeowner's insurance policy for a fire loss sustained on October 31, 2006. During Defendant's investigation of the claim, it discovered what it characterizes as "overwhelming evidence of fraud" by Darlene Williams, who voluntarily discontinued this action against Defendant on December 10, 2007. See

---

[1] Defendant's motion is also considered under Rule 41 of the Federal Rules of Civil Procedure.

Storm Affirmation, Docket No. 17-2, ¶ 8. Plaintiff co-owned the property with Williams, but is not believed to have been involved in the intentional burning of the property because he was incarcerated at the time. See id. at ¶ 10. Because of his status as an "innocent co-insured," Defendant tendered Plaintiff a settlement offer (through Plaintiff's counsel), to which he never responded. See id. at ¶ 11.

Since Williams discontinued her action against Defendant more than one year ago, nothing substantive has taken place. Counsel appeared before the Magistrate Judge three times in early 2008. At each conference, Plaintiff's counsel represented that he could not reach Plaintiff. At the last appearance, on February 28, 2008, Plaintiff's counsel represented that he would file a Motion to Withdraw as Counsel, but he never did. With no activity for two months and no Motion to Withdraw as Counsel having been filed, Defendant filed the instant Motion to Dismiss for Failure to Prosecute on April 11, 2008.

This Court issued a Scheduling Order on April 29, 2008, directing Plaintiff to file a response to Defendant's motion by May 12, 2008. Plaintiff was also warned that his failure to file his response as directed could result in the granting of Defendant's motion as uncontested or dismissal of the case for failure to prosecute. Plaintiff failed to file a response without explanation. Consequently, on June 16, 2008, this Court *sua sponte* issued a Final Scheduling Order extending the deadline for Plaintiff's response to June 23, 2008, and again warning Plaintiff of the consequences for his failure to respond as directed. Plaintiff again failed to file a response to Defendant's motion.

## III.  DISCUSSION

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where a defendant has not specifically moved for dismissal under Rule 41(b) — such as in this case[2] — a court may nonetheless order dismissal *sua sponte*.  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[3]  Link, 370 U.S. at 630-31.

Rule 41(b) does not define failure to prosecute.  But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at

---

[2] Defendant cites only Local Rule 41.2 as the basis of its motion.

[3] This authority is of ancient origins.  Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

42. Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004);  Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994));  Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

**A.    Duration of Failures**

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration.  See

Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute. He has not been in contact with his attorney nor has he kept his attorney apprised of his current contact information. He has not been personally involved in this litigation, nor has he or his attorney provided mandatory discovery or responded to Defendant's multiple discovery demands. (Storm Affirmation, ¶ 13.) With respect to duration, Plaintiff's inaction has caused unnecessary delay of approximately one year. This is a failure of significant duration. See, e.g., Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. All delay in this case is attributable to Plaintiff and is of significant duration.

**B.     Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, Plaintiff has had sufficient notice that his failure to proceed with this action could result in dismissal. Plaintiff has at all times been represented by counsel. Moreover, the possibility of a Motion to Dismiss for Failure to Prosecute was discussed at a conference before the Magistrate Judge on February 28, 2008, and this Court twice warned Plaintiff that his failure to respond to Defendant's motion could result in dismissal of this action. Because Plaintiff was on sufficient notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure

to prosecute was possible).

**C.    Prejudice to Defendants**

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. The delay has been significant and Plaintiff twice failed to file his response to Defendant's motion as directed. Thus, this factor weighs in favor of dismissal.

**D.    Balance between Calendar Congestion and Due Process Rights**

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction caused the Magistrate Judge to conduct several status conferences and this Court to issues several Scheduling Orders. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court further notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to prosecute this case and comply with the Orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

**E.     Consideration of Lesser Sanctions**

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Upon reviewing the entire record in this case, it is this Court's opinion that Plaintiff has no intention of pursuing this matter and thus, no intention to comply with this Court's Orders. Plaintiff has not participated in this litigation and despite being represented by counsel, has repeatedly failed to file responses to Defendant's motion. Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

. . .

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

## IV. CONCLUSION

For the reasons stated above, this case will be dismissed for failure to prosecute pursuant to Rule 41(b).

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 17) is GRANTED and this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   December 7, 2008
         Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge